UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS BOSTICK, JR.,

        Petitioner,

-vs-                                                      Case No.  8:07-cv-1768-T-24EAJ

SECRETARY, DEPT. OF CORRECTIONS,

        Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner Thomas Bostick, Jr.'s 28 U.S.C. § 2254 petition for writ of habeas corpus.  Bostick challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

Procedural History

Bostick was charged by Information with failure to deliver leased personal property in Case No. 03-11487. (Exhibit 16: R 8-9).[1]  In Case No. 03-18457, Bostick was charged with unlawful delivery of cocaine within 1000 feet of a church, and with possession of cocaine. (Exhibit 16: R 63-64).

On April 22, 2004, Bostick entered open guilty pleas to the charges in both cases. The state trial court sentenced Bostick in both cases to two years community control, followed by two years probation. (Exhibit 16: 36-39; 73-75).[2]  Bostick did not appeal the convictions or sentences.

---

[1] Respondent filed the one-volume record on appeal from the revocation judgment as Exhibit 15.  The transcript of the bifurcated revocation hearing is found at pages 104-193.

[2] The record indicates that the sentences ran concurrently.

On July 22, 2004, an affidavit of violation of community control was filed, stating Bostick had committed a new offense of aggravated battery on April 29, 2004, and had also failed to remain confined to his approved residence on April 29, 2004. (Exhibit 16: R 45-46).

A revocation hearing was held on July 14, 2004, and July 26, 2004, before the state trial court judge. (Exhibit 16: R 104-193). At the close of the hearing, the state trial court found Bostick in violation of community control for battering his wife and for leaving his approved residence. (Exhibit 16: R 189). The state trial court sentenced Bostick to thirty years in prison for the cocaine delivery within 1000 feet of a church and five years in prison, concurrent to the thirty year sentence, for the remaining two offenses. (Exhibit 16: R 47-52, 86-93; 191-192).

Bostick appealed from the revocation judgment. His appellate counsel filed an *Anders* brief, stating she could find no meritorious argument to support the contention that the state trial court committed significant reversible error. (Exhibit 1). Counsel invited the appellate court's attention to one potential issue for review:

Issue I

WHETHER THE TRIAL COURT ERRED IN FINDING APPELLANT VIOLATED COMMUNITY CONTROL FOR BATTERY ON HIS WIFE AND FOR FAILING TO REMAIN AT HIS APPROVED HOME

Despite being invited to do so by the state district court of appeal, Bostick did not file a pro se appellate brief. (Exhibit 2). The State filed its answer brief stating it agreed that no meritorious issues existed to support an appeal. (Exhibit 3). On October 19, 2005, in Case No. 2D04-3785, the state district court of appeal per curiam affirmed the order of revocation and Bostick's sentence. (Exhibit 4). *Bostick v. State*, 914 So. 2d 961 (Fla. 2d DCA 2004)[table]. The mandate issued November 9, 2005. (Exhibit 5).

On March 22, 2006, Bostick filed, in both cases, a Rule 3.850 motion for postconviction relief. (Exhibit 6). The motion raised four claims alleging ineffective assistance of trial counsel: (1) counsel was ineffective when she failed to investigate, interview, and call witnesses at the revocation of community control hearing; (2) counsel was ineffective when she failed to object to a violation of double jeopardy; (3) counsel was ineffective when she failed to object to an improper comment made by the prosecutor; (4) counsel was ineffective for misadvising Bostick with regard to his guilty plea.

On September 14, 2006, the state trial court issued a written order in which it summarily denied claim three for lack of merit and directed the State to respond to the remaining three claims. (Exhibit 7). The State filed its response on October 6, 2006. (Exhibit 8). On November 29, 2006, the state trial court, finding the State's arguments persuasive, issued a final order summarily denying the three remaining grounds, on the merits. (Exhibit 9). On December 7, 2006, Bostick filed a motion for rehearing (Exhibit 10), which the state trial court denied in an order dated January 12, 2007. (Exhibit 11). On February 12, 2007 and March 2, 2007, Bostick filed motions for extension of time to file his Rule 3.850 motion. (Exhibit 12). On March 13, 2007, the state trial court denied these motions as moot because the state trial court had previously denied Bostick's Rule 3.850 motion and Bostick had no pending motions before the state trial court. (Exhibit 13). According to the circuit court docket sheets in both cases, Bostick did not file a timely notice of appeal of the denial of Rule 3.850 postconviction relief. (Exhibits 14 and 15).

Bostick timely signed the present 28 U.S.C. § 2254 petition on September 27, 2007, raising four grounds for relief.

Ground One

COUNSEL WAS INEFFECTIVE WHEN SHE FAILED TO INVESTIGATE, INTERVIEW, AND CALL WITNESSES AT THE REVOCATION OF COMMUNITY CONTROL HEARING.

Ground Two

COUNSEL WAS INEFFECTIVE WHEN SHE FAILED TO OBJECT TO A VIOLATION OF DOUBLE JEOPARDY.

Ground Three

COUNSEL WAS INEFFECTIVE WHEN SHE FAILED TO OBJECT TO AN IMPROPER COMMENT MADE BY THE PROSECUTOR.

Ground Four

COUNSEL WAS INEFFECTIVE FOR MISADVISING PETITIONER WITH REGARD TO HIS GUILTY PLEA.

## DISCUSSION

### A. Bostick's Claims are Procedurally Barred

Title 28 U.S.C. § 2254(b) requires the exhaustion of state court remedies before a federal habeas corpus application will be entertained. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners 'federal rights'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to exhaust the claims raised in the state motion for postconviction relief, Bostick was required to

appeal the state trial court's order denying relief. *See Leonard v. Wainwright*, 601 F.2d 807,808 (5th Cir. 1979) ("In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal of its denial" (citation omitted)).[3] *See also, Rodwell v. Singletary*, 114 F.Supp.2d 1308, 1312 (M.D. Fla. 2000)(holding that failure to appeal denial of claim raised in postconviction motion in Florida court resulted in a procedural default, *citing, inter alia*, *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir.), *cert. denied*, 502 U.S. 944 (1991); *Smith v. Jones*, 923 F.2d 588 (8th Cir. 1991)(claims presented in postconviction motion and not appealed were procedurally barred in subsequent habeas proceedings). **Bostick did not appeal the denial of postconviction relief and his claims in the present petition are procedurally barred.**

A petitioner's claims or portions of claims which are not exhausted but would clearly be barred if returned to state court must be dismissed. *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). Here it would be futile to dismiss this case to give Bostick the opportunity to exhaust his grounds because he could have and should have pursued them in a timely postconviction appeal. Bostick's thirty-day time period for appealing the denial of the Rule 3.850 motion expired approximately seven months before Bostick filed the present federal petition.[4] Therefore, Bostick is barred from returning to state court to exhaust his claims.

**B. Alternatively, Bostick's Claims Have No Merit**

STANDARDS OF REVIEW

---

[3] Fifth Circuit decisions handed down prior to October 1,1981,are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[4] The Rule 3.850 postconviction proceeding became final on February 12, 2007, thirty days after the state trial court denied Bostick's motion for rehearing on January 12, 2007.

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## Ground One

Bostick alleges trial counsel was ineffective for failing to investigate, interview, and call witnesses at the revocation of community control hearing. Bostick contends that there were three witnesses who could have testified Bostick was at a job interview at the time he was alleged to have battered his wife, and a fourth witness who could have testified about his wife's

alleged vindictiveness. The state trial court reasonably rejected this claim, concluding Bostick failed to establish deficient performance or prejudice as required by *Strickland:*

> In ground 1, Defendant argues that counsel was ineffective for failing to investigate, interview, and call the following three witnesses during the probation revocation hearing held on July 14, 2004 and July 26, 2004: Robert Wiley, Rhonda McDuffie, and Scott Ramsey. Defendant claims that at the time he was alleged to have violated probation and battered his ex-wife, he was at a job interview. Defendant contends that: (1) Robert Wiley would have testified that Defendant was at the job interview during the time of the alleged incident, (2) Scott Ramsey would have testified that Defendant was at the job interview during the time of the alleged incident, and (3) Rhonda McDuffie would have testified that on the day of the incident, the victim threatened her sister Sierra McDuffie, who was currently dating Defendant, and that this testimony would have supported Defendant's claim that the victim was "being vindictive" against Defendant. Defendant claims that had counsel presented this testimony as Defendant requested, the outcome of his case would have been different.
>
> Upon review of the State's Response, the Court finds that Defendant fails to demonstrate, pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), that counsel's performance was deficient or that it caused Defendant to suffer prejudice. Defendant fails to show how the testimony of these three witnesses would have altered the outcome of the revocation hearing. As the State points out, the Court heard the following during the revocation hearing:
>
> - Defendant's probation officer testified that he informed Defendant of his probation conditions, including that Defendant was to remain at his residence unless he was given permission to leave.(See State's Response (July 14, 2004 Transcript, pages 8- 11), attached).
>
> - The victim testified that on the day of the alleged incident, Defendant came to her home and a physical altercation ensued. (See State's Response (July 14, 2004 Transcript, pages 19-21), attached).
>
> - Officer McGruder testified that upon arriving at the address given by the victim as to where to locate Defendant, Defendant attempted to flee. (See State's Response (See July 14, 2004 Transcript, pages 34-41), attached).
>
> - Defendant's girlfriend testified that she picked Defendant up between 1:15 and 1:20 and took him to her sister's house,

>    rather than directly to his residence. (See State's Response (July 26, 2004 Transcript, pages 4-11), attached).
>
> •    Defendant admitted that his girlfriend took him to her sister's house, rather than his approved residence, and that he later ran from police. (See State's Response (July 26, 2004 Transcript, pages 27-36), attached).
>
> The State claims that the testimony of these three potential witnesses would not have altered the judge's ruling that Defendant had violated probation by being away from his approved residence without permission. The Court agrees, as Defendant himself admitted to being away from his approved residence and to later attempting to flee from police. The testimony of these three potential witnesses would not have negated the testimony presented during the revocation hearing. Therefore, Defendant cannot demonstrate, pursuant to Strickland, that counsel was deficient for failing to call these witnesses and that Defendant suffered prejudice as a result. **As such, Defendant is not entitled to relief and ground 1 is denied.**

(Exh 9: Order Denying Motion for Postconviction Relief at pages 1-3).

The state court's denial of Bostick's ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of, the *Strickland* standard, and ground one does not warrant habeas corpus relief.

Ground Two

Bostick contends his trial counsel was ineffective for failing to object to a violation of double jeopardy. The state properly denied this claim on the basis that, under state and federal law, Bostick's convictions for delivery of cocaine within 1000 feet of a church and possession of that same cocaine did not violate Bostick's double jeopardy rights:

> In ground 2, Defendant claims that counsel was ineffective for failing to object to a violation of double jeopardy. Defendant relies on *Tucker v. State,* 608 So. 2d 122 (Fla. 2d DCA 1992), and claims that counsel should have objected to the fact that Defendant could not be convicted and sentenced for both a charge of Delivery of Cocaine Within 1,000 Feet of a Church and a charge of Possession of Cocaine, as both charges were derived from the same piece of cocaine.

In its Response, the State relies on Fla. Stat.§ 775.021(4) ("*Blockburger*" test)[5] and argues that because Defendant was convicted of two separate offenses, each of which required different elements of proof, there was no issue with regard to double jeopardy to which counsel should have objected. The State also relies on *State v. McCloud*, 577 So. 2d 939 (Fla. 1991), and argues that the elements of the two charges in this case were different and as such, Defendant could be convicted and sentenced on both charges involving the sale and possession of the "same quantum" of illegal drugs.

The Court agrees with the State and finds that, based upon review of Fla. Stat. § 893.13(1)(e)(1) (2003) (Delivery of Controlled Substance within 1000' of Church) and Fla. Stat. § 893.13(6)(a) (2003) (Possession of Cocaine), Defendant was convicted of two separate offenses which required different elements of proof. Therefore, Defendant's conviction did not result in double jeopardy, and as a result, there was no valid basis for counsel to raise an objection. Defendant cannot demonstrate, pursuant to *Strickland,* that counsel was deficient for failing to object and that Defendant suffered prejudice as a result. **As such, Defendant is not entitled to relief and ground 2 is denied.**

(Exh 9: Order Denying Motion for Postconviction Relief at pages 3-4).

The state court's denial of Bostick's ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of, the *Strickland* standard, and ground two does not warrant habeas corpus relief.

## Ground Three

Bostick contends trial counsel was ineffective for failing to object to the prosecutor's comment describing Bostick as a "liar." The state trial court found that this claim had no merit:

In ground 3, Defendant argues that counsel was ineffective for failing to object to an improper comment made by the prosecutor. Defendant claims that the prosecutor improperly commented that Defendant lied or mischaracterized Defendant as a "liar" at the conclusion of his revocation hearing. Defendant contends that this statement was made before the judge who was acting as the trier of fact and that the court took this comment into consideration. Defendant claims that had counsel objected to this comment, the judge could have sustained the objection and the issue could have been preserved for appeal.

---

[5] *Blockburger v. United States*, 284 U.S. 299 (1932).

> Review of the transcript from the July 26, 2004 revocation hearing reflects that the prosecutor made the following comment:
>
> MR. ALLEN: Judge, his record is lengthy. Your Honor can see it's in front of you. He went to prison in '89, '97 and got out in 2000.
>
> THE COURT: Okay, well, what do you want?
>
> MR. ALLEN: Judge, I want the maximum. He sat in front of Your Honor and lied and just basically made it a whole seven days of community control and he gave – you took a tremendous chance on this individual.
>
> (See July 26, 2004 Transcript, page 43, attached). However, the Court finds that the prosecutor's statement, "He sat in front of Your Honor and lied . . ." was not improper. The Court has reviewed the transcripts from Defendant's July 14, 2004 and July 26, 2004 revocation hearing, including the testimony presented by the victim, Officer Fetter, Officer McGruder, and Defendant. (See July 14, 2004 Transcript & July 26, 2004 Transcript, attached). The Court finds that based upon the evidence and testimony presented which supported finding Defendant in violation of probation, this statement was a fair comment on the evidence. Where such a statement made by a prosecutor is supported by evidence, the statement is not improper. *See Lugo v. State*, 845 So. 2d 74 (Fla. 2003). Therefore, Defendant cannot demonstrate that pursuant to *Strickland*, counsel was deficient for failing to object to this comment and that Defendant suffered prejudice as a result. **As such, ground 3 of Defendant's Motion is denied.**

(Exh 7: Order to Respond, and Order Denying, In part, Motion for Postconviction Relief at pages 5-6).

The state court's denial of Bostick's ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of, the *Strickland* standard, and ground three does not warrant habeas corpus relief.

## Ground Four

Bostick asserts his trial attorney was ineffective for misadvising him in regard to his guilty plea. Specifically, Bostick claims that the conviction and sentence for delivery of cocaine within 1000 feet of a church and possession of that same cocaine violated double jeopardy. The state

trial court properly concluded that this claim was essentially a restatement of Bostick's double jeopardy argument in Ground Two, and denied the claim for the same reasons:

> In ground 4, Defendant argues that counsel was ineffective for misadvising Defendant with regard to his guilty plea. Defendant alleges that the conviction and sentence of Delivery of Cocaine Within 1,000 Feet of a Church and Possession of Cocaine violated double jeopardy, as Defendant was punished twice for the same piece of cocaine. Defendant claims that counsel's advice to plead guilty to both of these charges resulted in double jeopardy, and that but for counsel's mis-advice, Defendant would not have entered his plea.
>
> For the same reasons as stated in the Court's discussion of ground 2 above, Defendant's conviction did not result in double jeopardy, as Defendant was convicted of two separate offenses which required different elements of proof. Therefore, there was no valid basis for counsel to raise an objection or advise Defendant of double jeopardy with respect to Defendant's plea. Defendant cannot demonstrate, pursuant to *Strickland*, that counsel was deficient for misadvising Defendant and that Defendant suffered prejudice as a result. **As such, Defendant is not entitled to relief and ground 4 is denied.**

(Exh 9: Order Denying Motion for Postconviction Relief at page 4).

The state court's denial of Bostick's ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of, the *Strickland* standard, and ground four does not warrant habeas corpus relief.

The state trial court recognized and properly applied *Strickland v. Washington* to all four allegations of ineffective assistance of counsel. The state court's legal conclusions are fully supported in the record. Because the denial of Bostick's motion for postconviction relief was neither contrary to, nor an unreasonable application of the *Strickland* standard, the state court's decision is entitled to deference under the AEDPA, and Bostick is not entitled to habeas corpus relief.

Accordingly, the Court orders:

That Bostick's petition is denied. The Clerk is directed to enter judgment against Bostick and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 13, 2008.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Thomas Bostick, Jr., pro se